HOBSON, Judge.
Appellant appeals a judgment entered by the lower court permanently enjoining him from discontinuing water service from a water plant owned by him to the appellees and all other persons owning lots in Green Hills Estates, a subdivision in Pasco County, Florida.
This cause originated • as a class action whereby appellees brought suit to enjoin appellant from discontinuing water service to them. Appellant was the owner of a subdivision which was platted as “Green Hills Estates” and the lots therein were sold for the purpose of placing mobile homes thereon. An instrument entitled “Covenants Restricting Use of Land” was recorded in which one provision reads as follows:
“4. WATER SERVICES: The owner, her heirs, devisees, Executors, Administrators or assigns reserve the right, privilege and franchise to furnish water to each and every lot within the subdivision at a cost of $8.00 per month for occupied premises and a cost of $6.00 per month for unoccupied premises. The purchaser of each lot, their heirs, devi-sees, Executors, Administrators and assigns agree to pay for said services monthly, in advance without demand, and said charge shall also include street lighting, recreational facilities and garbage collection twice a week.
“No well shall be drilled, maintained or situated on any portion of these premises except by the owner, her heirs, devi-sees, Executors, Administrators or assigns.”
Appellant contends that this so-called restrictive covenant merely gives him the right to furnish water to appellees and that he could at any time discontinue the supply of water. The wording in the first paragraph of the above quoted so-called restrictive covenant is more in the nature of a reservation of the right to furnish water and is not a restrictive covenant.
In the sales brochure which was used in selling the lots, it was stated in large capi *98 tal letters “CHECK THESE FEATURES.” Number 3 under this heading read “Unmetered supply of pure fresh water.” In the same brochure under large capital letters stating “GENERAL INFORMATION” it read:
“Our sensible restrictions and regulations are designed to protect YOU!
“Our maintenance fee is low for a community of this type, and is recorded as part of our restrictions and regulations and cannot be changed for 30 years without a vote of lot owners.
“This fee includes water, garbage collection, use of all recreational facilities, lighted streets and use of recreation hall.” (Emphasis ours.)
Appellant undertook his right to furnish water to the lots for a period in excess of five years, after which time he discontinued the water supply. It was at this point appellees filed suit to enjoin appellant’s actions.
Even if this were a restrictive covenant, the law as set out in Moore v. Stevens, 90 Fla. 879, 106 So. 901 (1925), is that:
“[Ejffect will be given to the manifest intention of the parties as shown by the language of the entire instrument in which the covenant appears, when considered in connection with the circumstances surrounding the transaction. Due regard must be had for the purpose contemplated by the parties to the covenant, and words used must be given their ordinary, obvious meaning as commonly understood at the time the instrument containing the covenants was executed, unless they have acquired a peculiar meaning in the particular relation in which they appear, or in respect to the particular subject-matter involved, or unless it clearly appears from the context that the parties intended to use them in a different sense.”
We feel that the eminent trial judge reached the correct conclusion when he stated in his final judgment:
“That Paragraph 4 of those certain restrictive covenants appearing in Official Record Book 278, page 518, Public Records of Pasco County, Florida, insofar as said paragraph refers to water services to be provided by Defendant to Plaintiffs, did at the time of execution of said covenants grant unto Defendant an election as to whether or not Defendant should provide water to Plaintiffs, the lot owners in Green Hills Estates Subdivision.
“That Defendant did elect to provide said water for a period of time in excess of five years, until discontinuing of said service on May 2, 1970, the date of the issuance of the Temporary Injunction in this matter. That the Court further finds that said restrictive covenants provide Defendant no further election to discontinue said water service. That said discontinuance of water service was a breach of said restrictive covenants and the legal obligation assumed by Defendant, and that Plaintiffs are entitled to the relief prayed for,”.
Finding no error in the final judgment entered herein, it is, therefore, affirmed.
Affirmed.
PIERCE, C. J., and LOVE, WILLIAM K., Associate Judge, concur.